CITY BANK OF FORT WORTH v. MECHANICS NATIONAL BANK OF FORT WORTH ET AL.

No. 480.

**Assignment—Subsequent Attachment.**

As against a subsequent attaching creditor a statutory assignment takes priority; and in a contest of such attaching creditor it is of no consequence whether at the date of the levy of his attachment the property was in the custody of the law .................................................................. 296

APPLICATION for writ of error to Court of Civil Appeals for Second District, in an appeal from the District Court of Tarrant County.

July 2 and 3, 1891, W. F. Lake, a hardware merchant doing a large business, and being insolvent, executed several conveyances, conveying all his property not exempt. The several deeds taken together showed an assignment of all his property and for the benefit of his creditors, making preferences.

On July 6th certain creditors brought suit against Lake and the several grantees named, seeking to have the several instruments declared to be an assignment, and to enjoin the grantees from executing the trusts expressed in said deeds. A receiver was asked for. The application was set for hearing on the 9th, on which day a receiver was appointed.

On July 8th the appellant, under an attachment against Lake, had seized a part of the property, and claims it against the other creditors who are declared beneficiaries under the assignment.

The Court of Civil Appeals held, that the several deeds constituted an assignment under the statute; also that at the levy of the attachment the property was in custodia legis, and not subject to attachment.

In application for writ of error, among other matters complaint is made, that "the court erred in that part of the opinion in this case wherein it held the several instruments in controversy in this suit to be a general statutory assignment; because and for that the instrument from defendant Lake to Burnett was a warranty deed, the instrument to Harrold a deed in trust, by which the legal title of the property did not pass out of the grantor, and in which there was an express condition

of defeasance, and an express statement that the same was intended as a trust for the better securing of the debt therein mentioned; and the instruments to Coffman and to Ellis were, in view of the sworn allegations of fact in the answer of defendant Lake, also deeds of trust, but upon their faces, and without regard to the allegations of either plaintiff or defendant, they were partial common law assignments, and not a general statutory assignment; especially as this case was decided on demurrer, and as neither one nor all of said instruments evidenced on their faces an intent to comply with the provisions of the act, but on the contrary evidenced an intent *not* to comply with the provisions of the act.

"The court erred in that part of its opinion wherein it holds that at the date of the levy of appellant's writ of attachment on the property theretofore claimed by the defendant Lake as his business homestead said property was in custodia legis, and appellant could not acquire any right or lien thereon by reason of said levy, and could not thereafter intervene for the enforcement of said rights in the very court which had, subsequently to the date of the acquisition of said lien, appointed a receiver, and thus judicially sequestrated said property so that appellant could not further proceed at law to enforce said lien; because the subsequent appointment of a receiver will not destroy a prior acquired lien, although it will prevent its enforcement; and because the subsequent appointment of a receiver will not relate to the date of the filing of the application for such appointment as against a stranger, or one who is not a party to the suit like appellant; and because to prevent appellant from interfering in said suit under such circumstances was an absolute denial of all remedy, for appellant could proceed in no other way without being in contempt of the very court in which it sought protection of its prior acquired rights."

*Ball & Tempel*, for application.

GAINES, CHIEF JUSTICE.—We concur in the opinion of the Court of Civil Appeals in this case, in so far as they hold that the instruments in controversy operated as a general assignment under the statute of all the effects of W. F. Lake. This renders it unnecessary for us to determine whether the property was or was not in the custody of the law at the time the appellant's writ of attachment was levied.

The application for the writ of error is refused.

*Application refused.*

Delivered November 15, 1894.